IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DINORAH BERNAL a/k/a Dinorah Bernal Cruz**, on behalf of herself and all other similarly situated employees, known and unknown, | Civil Action |
| Plaintiff, | |
| v. | No. |
| **SULAIMAN LAW GROUP, LTD.**, an Illinois professional corporation, and **AHMAD TAYSEER SULAIMAN**, individually, | |
| Defendants. | JURY DEMAND |

## COMPLAINT

By and through her attorneys of record and on behalf of herself and all other similarly situated employees, known and unknown, the plaintiff, DINORAH BERNAL a/k/a Dinorah Bernal Cruz (the "Plaintiff"), hereby complains of the defendants, SULAIMAN LAW GROUP, LTD., an Illinois corporation, and AHMAD TAYSEER SULAIMAN, individually, (collectively the "Defendants"). Pleading hypothetically and in the alternative, the Plaintiff alleges as follows:

**I. INTRODUCTION**

1. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a result of the Defendants' failure to pay proper overtime compensation to the Plaintiff and other similarly situated employees of the Defendants (the "Putative Class"). In Count I, the Plaintiff brings a claim pursuant to Section 216(b) of the FLSA.

2. In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*

## II. THE PARTIES

3. The Plaintiff is an individual domiciled within Illinois and resides within the Northern District of Illinois.

4. The Plaintiff was employed by the Defendants as a paralegal from about August, 2010, to the present.

5. AHMAD TAYSEER SULAIMAN is an individual who, upon information and belief, is domiciled in Illinois and resides within the Northern District of Illinois.

6. SULAIMAN LAW GROUP, LTD. is an Illinois corporation.

7. SULAIMAN LAW GROUP, LTD. is a law firm.

8. Upon information and belief, at all times relevant to this action, AHMAD TAYSEER SULAIMAN held, and holds, an ownership interest in SULAIMAN LAW GROUP, LTD.

9. At all times relevant to this action, AHMAD TAYSEER SULAIMAN was, and is, a corporate officer of SULAIMAN LAW GROUP, LTD.

10. Upon information and belief, at all times relevant to this action, AHMAD TAYSEER SULAIMAN exercised, and exercises, significant control over SULAIMAN LAW GROUP, LTD.'s day-to-day operations.

11. Upon information and belief, at all times relevant to this action, AHMAD TAYSEER SULAIMAN exercised, and exercises, significant control over SULAIMAN LAW GROUP, LTD.'s human resources and payroll functions.

12. At all times relevant to this action, AHMAD TAYSEER SULAIMAN was, and is, one of the Plaintiff's supervisors and/or managers.

13. At all times relevant to this action, AHMAD TAYSEER SULAIMAN had, and has, the power to hire and fire employees of SUILAIMAN LAW GROUP, LTD., including the Plaintiff.

14. At all times relevant to this action, AHMAD TAYSEER SULAIMAN had, and has, the power to direct the particulars of the Plaintiff's work at SULAIMAN LAW GROUP, LTD.

### III. JURISDICTION AND VENUE

15. Federal question jurisdiction is conferred on this Court by Section 16(b) of the FLSA and 28 U.S.C. §1331.

16. Supplemental jurisdiction over the Illinois statutory claims alleged herein is conferred on this Court by 28 U.S.C. § 1367(a).

17. Venue is proper as the acts or omissions that gave rise to the claims alleged herein occurred within the Northern District of Illinois.

### IV. STATUTORY CONSENT

18. The Plaintiff brings this case as an "opt-in" collective action under the FLSA on behalf of herself and the Putative Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action (attached as **Exhibit A**).

3

## V. GENERAL ALLEGATIONS

19. At all times relevant to this action, the Defendants, and each of them, were the Plaintiff's "employer", within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

20. At all times relevant to this action, the Defendants were, and are, the "employers" of the Putative Class members within the meaning of Section 3(a) and (d) of the FLSA in that the Defendants act/acted directly or indirectly in the interest of the "employer" in relation to the employee plaintiffs represented herein, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

21. At all times relevant to this action, the Defendants were the Plaintiff's "employer" within the meaning of Section 3(c) of the IMWL in that the Defendants acted directly or indirectly in the interest of the "employer" in relation to the Plaintiff, and are therefore jointly and severally liable for the unpaid wages and other relief sought herein.

22. Upon information and belief, SULAIMAN LAW GROUP, LTD., had gross receipts in excess of $500,000.00 in: a) 2012; b) 2011; c) 2010; d) 2009; and e) 2008.

23. At all times relevant to this action, the Defendants operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA (the "Enterprise").

24. At all times relevant to this action, the Enterprise operated a law firm within the Northern District of Illinois, which law firm was engaged in the business and/or practice of foreclosure defense and/or consumer debt relief.

25. Upon information and belief, the Enterprise may operate, and may have operated, additional establishments in Illinois.

26. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

27. At all times relevant to this action, the members of the Putative Class are/were "employees" of the Defendants within the meaning of Section 3(e)(1) of the FLSA.

28. At all times relevant to this action, the Plaintiff was an "employee" of the Defendants within the meaning of Section 3(d) of the IMWL.

29. During the course of her employment by the Defendants, the Plaintiff handled goods that moved in interstate commerce including but not limited to envelopes, stationery and other paper products, toner and postage stamps.

30. During the course of their employment by the Defendants, the Putative Class members handled, and handle, goods that moved in interstate commerce including but not limited to envelopes, stationery and other paper products, toner and postage stamps.

31. During the course of her employment by the Defendants, the Plaintiff engaged in interstate commerce as an individual in that, on behalf of and as an agent/employee of the Defendants, the Plaintiff: a) processed credit, debit or bank card payments from the Defendants' customers and/or clients, which transactions involved the electronic transmission of data across state lines; b) made telephone calls to the Defendants' customers, clients and vendors, which transactions involved the electronic transmission of data across state lines; and c) sent facsimile and e-mail communications to the Defendants'

5

customers, clients and vendors, which transactions involved the electronic transmission of data across state lines.

32. a) processed credit, debit or bank card payments from the Defendants' customers and/or clients, which transactions involved the electronic transmission of data across state lines; b) made telephone calls to the Defendants' customers, clients and vendors, which transactions involved the electronic transmission of data across state lines; and c) sent facsimile and e-mail communications to the Defendants' customers, clients and vendors, which transactions involved the electronic transmission of data across state lines.

33. During the course of their employment by the Defendants, the Plaintiff and the Putative Class members were, and are, not exempt from the overtime wage and minimum wage provisions of the FLSA.

34. During the course of their employment by the Defendants, the Plaintiff and the Putative Class members were, and are, not exempt from the overtime wage and minimum wage provisions of the IMWL.

35. The Defendants routinely and as a matter of practice and policy required the Plaintiff to work more than 40 hours per week, but then failed and refused to pay the Plaintiff overtime compensation at the requisite statutory rate, *i.e.*, one-and-one-half times the Plaintiff's regular hourly wage rate of $16.00 per hour.

36. On average, between about August, 2010, and the date on which the captioned case was filed, the Plaintiff worked about 47 hours per week for the Defendants.

37. In certain weeks, between about August, 2010, and the date on which the captioned case was filed, the Plaintiff worked as many as 60 hours for the Defendants.

38. Upon information and belief, at all times relevant to this action, the Defendants routinely and as a matter of practice and policy required, and require, the Putative Class members to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates *i.e.*, one-and-one-half times the Putative Class members' respective, regular hourly wage rates; and, upon information and belief, the Defendants continue this practice through the present day.

## COUNT I
### (Violation of the FLSA)

39. The Plaintiff hereby re-alleges the foregoing allegations.

40. Among other ways, the Defendants violated the FLSA by:

   a. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one-and-one-half times the regular rate at which the Plaintiff was employed;

   b. failing to accurately record the number of hours the Plaintiff worked each week – specifically, by requiring her to work certain hours from home "off-the-books;" and

   c. failing to provide the Plaintiff with pay stubs that accurately listed the number of hours the Plaintiff worked each week – specifically, by omitting the hours that the Plaintiff worked from home "off-the-books."

41. Upon information and belief, the Defendants also violated the FLSA by:

   a. failing to pay the Putative Class members for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one-and-one-half times the respective, regular rate at which they were, and are, employed;

   b. failing to accurately record the number of hours the Putative Class members worked, and work, each week; and

   c. failing to provide the Putative Class members with pay stubs that accurately listed/list the respective number of hours they worked/work each week.

42. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

43. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

WHEREFORE, on behalf of herself and the Putative Class, the Plaintiff prays for judgment in her favor and against the Defendants, and each of them, and for the following relief:

   A. damages in an amount equal to the unpaid overtime compensation due and owing to the plaintiffs for each hour the plaintiffs worked in excess of 40 in any given week, but for which the Defendants failed to pay the plaintiffs at a rate equal to or greater than one-and-one-half times the respective, regular rates at which the plaintiffs were employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

   B. statutory liquidated damages as allowed by the FLSA;

   C. interest on all amounts awarded;

   D. attorneys' fees, together with costs of suit and collection; and

   E. such further relief as may be fair and just in the premises.

## COUNT II
### (Violation of the IMWL)

44. The Plaintiff hereby re-alleges the foregoing allegations.

45. Among other ways, the Defendants violated the IMWL by;

   a. failing to pay the Plaintiff for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one-and-one-half times the regular rate at which the Plaintiff was employed;

    b. failing to accurately record the number of hours the Plaintiff worked each week – specifically, by requiring her to work certain hours from home "off-the-books;" and

    c. failing to provide the Plaintiff with pay stubs that accurately listed the number of hours the Plaintiff worked each week – specifically, by omitting the hours that the Plaintiff worked from home "off-the-books."

46. The Defendants were aware or should have been aware of their obligations under the IMWL, but nevertheless attempted to circumvent its provisions.

47. The Defendants failed to take affirmative steps to ascertain their obligations under the IMWL.

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendants, and each of them, and for the following relief:

    A. damages in an amount equal to the unpaid overtime compensation due and owing to the Plaintiff for each hour the Plaintiff worked in excess of 40 in any given week, but for which the Defendants failed to pay the Plaintiff at a rate equal to or greater than one-and-one-half times the regular rate at which the Plaintiff was employed (in no case less than one and one-half times the IMWL's mandatory minimum rate);

    B. statutory punitive damages as allowed by the IMWL;

    C. interest on all amounts awarded;

    D. attorneys' fees, together with costs of suit and collection; and

    E. such further relief as may be fair and just in the premises.

## COUNT III
### (IWPCA claim)

48. The Plaintiff hereby re-alleges the foregoing allegations.

49. Among other ways, the Defendants violated the IWPCA by:

    a. failing to pay the Plaintiff certain overtime wages, which wages were due and owing to her for the work she performed, either weekly or bimonthly;

  b. failing to pay the Plaintiff certain overtime wages, which wages were due and owing to her for the work she performed, within either 7 days of the close of each relevant workweek, or within 13 days of the close of each relevant bimonthly pay-period; and

  c. failing to pay the Plaintiff certain regular wages (commonly known as "gap pay") altogether, *e.g.*, requiring the Plaintiff to work "off-the-books."

WHEREFORE, the Plaintiff prays for judgment in her favor and against the Defendants, and each of them, and for the following relief:

  A. damages in an amount equal to the unpaid wages (including but not limited to unpaid overtime wages and unpaid regular wages) due and owing to the Plaintiff for each hour the Plaintiff worked but for which the Defendants failed to pay the Plaintiff at a rate equal to the regular rates at which the Plaintiff was employed (and as applicable, one-and-one-half times the regular rate at which the Plaintiff was employed – for those hours over 40 in any given workweek);

  B. an order commanding the Defendants to pay the Plaintiff any all unpaid wages (including but not limited to unpaid overtime wages and unpaid regular wages) due and owing to the Plaintiff for each hour the Plaintiff worked, but for which the Defendants failed to pay the Plaintiff at a rate equal to the regular rate at which the Plaintiff was employed (and as applicable, one-and-one-half times the regular rate at which the Plaintiff was employed – for those hours over 40 in any given workweek);

  C. interest on all amounts awarded;

  D. attorneys' fees, together with costs of suit and collection; and

  E. such further relief as may be fair and just in the premises.

## **JURY DEMAND**

The Plaintiff demands a trial by jury of all issues set forth herein that are capable of being tried by a jury.

                Respectfully submitted,

                /s/Paul Luka
                One of the Plaintiff's Attorneys

Roy P. Amatore, Esq.
Paul Luka, Esq.
AMATORE & ASSOCIATES, P.C.
120 S. State Street · Suite 400
Chicago, IL 60603
312.236.9825

William M. Walsh, Esq.
LAW OFFICE OF WILLIAM M. WALSH, LLC
53 W Jackson Blvd., Ste. 864
Chicago, IL 60604
312. 362.9190

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

The undersigned hereby authorizes and engages Amatore & Associates, P.C., and the Law Office of William M. Walsh, LLC, to pursue his/her claims for unpaid wages, and other relief, against Sulaiman Law Group, Ltd., and any other person/s who may have employed him/her in conjunction with said person/s (collectively the "Employers"), and by the signature below the undersigned hereby consents to be a party plaintiff in a lawsuit brought against the Employers on behalf of him/herself and all other similarly situated employees, known and unknown, pursuant to 29 U.S.C. 216(b).

_____
DINORAH BERNAL a/k/a Dinorah Bernal Cruz